# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:21-CV-00144-GNS-HBB

**EDWARD BARDIN**                                                                                                     **PLAINTIFF**

**VS.**

**NISSAN MOTOR COMPANY, LTD., et al.**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Edward Bardin to compel production of documents by Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd. (DN 34) in accordance with requests for production of documents served on the Defendants on January 28, 2022. The Defendants (collectively "Nissan") have filed a response (DN 37), and Bardin has not filed a reply.[1]

On May 18, 2022, the parties participated in a telephone conference with the undersigned to address Bardin's contentions as to the sufficiency of Nissan's responses to the requests for production (DN 30). The parties were instructed to continue discussions regarding resolution of the matter, and Bardin was to provide Nissan more specificity about the nature of the alleged response deficiencies (Id.). Bardin states that his expert witness, Daniel Morris, prepared an affidavit explaining in detail how the discovery responses were deficient (DN 34, p. 2). Bardin specifies that the discovery responses in question are those to requests 1-12, 17-21 and 23-29 (Id.).

---

1 The parties' filings have also discussed the timing of Plaintiff's motion, Nissan's objections to the requests for production, and the affidavit sent to Nissan elaborating on the claimed response deficiencies. Resolution of the objections is the primary objective of this Order, and a discussion of those contentions is unnecessary.

Nissan states that, having reviewed the affidavit, they have supplemented their discovery responses (DN 37, pp. 9-10). Regarding requests for production of documents 1-4, 6, 8, 18, 21-24, 26, and 28, Nissan indicates that they have searched and have no additional responsive documents to produce (Id. at pp. 10-21). Where a party indicates that, after a reasonable inquiry, no documents exist that are responsive to the request, then that party's obligations under the Rules are satisfied and the Court can compel nothing more. Commins v. NES Rentals Holdings, Inc., No. 3:16-CV-00608-GNS, 2018 U.S. Dist. LEXIS 107879, *33 (W.D. Ky. June 28, 2018).

As to requests 5, 7, 9, and 25, Nissan similarly states that they have no more responsive documents to produce but further note that component supplier Calsonic Kansei may be in possession of relevant documents (Id. at pp. 11-13, 19-20). FED. R. CIV. P. 34(a)(1) requires a party to produce those responsive documents in its possession, custody, or control. "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Otherwise, a party is not obligated to produce documents it does not possess. Dyno Nobel, Inc. v. Johnson, No. 5:21-CV-00322-KKC-MAS, 2022 U.S. Dist. LEXIS 29506, *16-17 (E.D. Ky. Feb. 18, 2022). The requesting party bears the burden of establishing the relationship between the producing party and the party having possession of the documents that demonstrates the ability to control production of the documents. McGraw-Hill Global Educ., LLC v. Jones, No. 5:14-CV-42-TBR-LLK, 2015 U.S. Dist. LEXIS 114461, *6 (W.D. Ky. Aug. 28, 2015). Bardin has not filed a reply to Nissan's Response challenging that they have the ability to control production of documents from Calsonic Kansei.

Turning to request for production 12, Nissan state that they have produced the requested documentation (DN 37, p. 14). As to requests 10 and 20, Nissan represent that Bardin has withdrawn the requests for additional information (Id. at pp. 14, 17). Bardin has not filed a Reply disputing any of these representations. This leaves responses to requests for production of documents 11, 17, 19, 27, and 29 to which Nissan assert substantive objections to production.

1. Request for Production No. 11

Bardin requests production of "the document retention policy as it pertains to products and associates" (DN 34-2, p. 2). Nissan responded with a host of objections, including that the request was vague, ambiguous, remote as to time and scope, and unduly burdensome in that the request sought documents beyond the components of the 2013 Nissan Frontier Crew Cab that are the subject of his claims (DN 37-6, p. 18). Nissan also contended the documents are not relevant nor proportional to the needs of the case and any potential value is far outweighed by the burden and expense of searching for the documents (Id.). Finally, Nissan objected that some of the documents might not be in its possession, custody, or control (Id.).

In support of his need for the documents, Bardin has submitted an affidavit from his expert, Daniel Morris, outlining the relevance of the information (DN 34-3, p. 11). He states that, as part of an ISO certification and audit process, the information demonstrates the manufacturer's ability to keep and maintain records about their products, processes and people (Id.). As such, the records that are controlled by the record retention policies highlight all the other requested items (Id.).

In responding to Bardin's motion to compel, Nissan significantly scale back their argument against production. Nissan states that a party's document retention policies are not relevant to the claims or defenses of a party to the action, which are the touchstones of whether discovery is appropriate (DN 37, p. 14).

Where there is no allegation or evidence that a party has failed to properly retain documents or has improperly destroyed them, there is no basis upon which to conclude that document retention policies are relevant to a claim or defense. Bowman v. Home Depot U.S.A., Inc., No. 3:21-CV-00885, 2022 U.S. Dist. LEXIS 112053, *26 (M.D. Tenn. June 24, 2022). The undesigned does not interpret Mr. Morris' affidavit as making such an allegation; rather, he only states that it would "highlight" other requested documents. The undersigned is not persuaded that Bardin has demonstrated how the information is relevant to a claim or defense in the case. Thus, Nissan's objection is **SUSTAINED**.

2. Request for Production No. 17

Bardin requests production of "copies of any and all documents relating to warranty work or goodwill work performed on 2013 Nissan Frontier vehicles for claims involving fires and/or electrical system malfunctions" (DN 34-2, p. 2). In response, Nissan asserted numerous objections, essentially founded upon the contention that the breadth of the request extended far beyond the components at issue in the 2013 Frontier Crew Cab (DN 37-6, pp. 24-25). In response, Bardin tenders the affidavit of Mr. Morris, who states that the information is relevant because it may demonstrate "if any trends exist for fires in the dash of 2013 Frontiers, like the fire in the referenced subject vehicle" (DN 34-3, p. 13-14). He also expresses a belief that such warranty work reports were likely catalogued and archived in such a way that producing the information would be a relatively simple process (Id.).

Nissan responds with an affidavit of Bryan Lewis in support of its contention that producing the information would pose an unreasonable burden (DN 37-15). Lewis is employed by Nissan as a Senior Product Safety Engineer (Id. at p. 1). In pertinent part, he states:

> I understand that Plaintiff seeks warranty reimbursement records for vehicles other than the subject 2013 U.S. model Nissan Frontier

4

> Crew Cab, VIN 1N6AD0EV5DN758127. NNA, however, cannot search for warranty reimbursement claims without a specific part number, and Plaintiff has never identified specific part numbers for which he seeks warranty reimbursement records. Even if Plaintiff identified specific part numbers, a search based on part number would return records of warranty reimbursement without regard for the cause of the repairs or reimbursement, and sometimes warranty reimbursement records do not contain information sufficient to establish the cause of a particular issue. For these reasons, even if Plaintiff identified part numbers of interest, it is likely that the vast majority of the warranty reimbursement records would have nothing to do with Plaintiff's claims in this lawsuit, and there would be no way other than manual review to determine which warranty reimbursement records, if any, are relevant.

(Id. at pp. 4-5).

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). In assessing whether the discovery is "proportional to the needs of the case," courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.; Advisory Committee Notes 2015 Amendment. The Rule also directs that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, the objection Nissan advanced in its response to the request for production is not quite the same as presented in the response to the motion to compel, given that Mr. Morris' affidavit appears to constrict the scope of warranty repairs from all warranty work for fires or electrical issues to warranty work related to dash fires. Nissan contends that a part number is predicate to any search for warranty claims, and it has not been provided a part number. Even so,

5

the information retrieved would be non-specific to the cause of the problem and only a manual review of the records could reveal that information. Absent from Mr. Lewis' affidavit is any sort of quantification of the number of records which might be returned by a part number search. This would directly bear upon the burden imposed by a manual review of the records.

Consequently, Plaintiff is **DIRECTED** to provide Defendants with a part number or parts numbers for which they desire warranty repair information. Should Nissan stand by its position that providing the information represents an undue burden, they may supplement their objection with a quantification of the number of records likely to be returned, whether a manual review of those records would be required and, if so, the anticipated cost of the review. For this reason, ruling on this portion of the motion is **DEFERRED**.

3. Request for Production No. 19

This request asks for "copies of any and all record for all electrical warranty or goodwill claims for electrical circuit components related to the interior dash center stack, electrical wiring, including but not limited to power distribution ground switches, relays, controls units and/or modules or any other electrical components for 2013 Nissan Frontiers" (DN 37-6, pp. 27-28). Nissan asserted objections similar to those advanced in response to request for production 17 and an additional objection based on potential privacy concerns of persons making warranty claims (Id. at pp. 28-29).

Mr. Morris' affidavit expresses the same "trend" relevance as Request No. 17, (DN 34-3, pp. 14-15) and Nissan points to Mr. Lewis' affidavit (DN 37-15, pp. 4-5) as to the problems and burdens associated with producing the information.

Plaintiff is **DIRECTED** to produce part numbers and Nissan may supplement their objection as provided in regard to Request No. 17.

6

4. Request for Production No. 27

Bardin requested "copies of all warranty claims for any electrical components in dashboard, center stack, bulkhead, including HVAC and driver controls as well as all related ground and power distribution circuits related to dash and bulkhead/firewall components" (DN 37-6, p, 39). Nissan advanced the same objection as to the previous document request (Id.). Mr. Morris' affidavit expresses the same "trend" relevance (DN 34-3, p. 19) and Nissan points to Mr. Lewis' affidavit (DN 37-15, p. 4-5) as to the problems and burdens associated with producing the information.

Plaintiff is **DIRECTED** to produce part numbers and Nissan may supplement its objection as previously provided.

5. Request for Production No. 29

Bardin requests "copies of all corporate tax deductions related to any losses claimed related to this subject year and model vehicle" (DN 37-6, p. 43). Nissan objected on the basis of relevance and burden, as well as ambiguity in the phrase "any losses claimed" (Id.).

Mr. Morris' affidavit opines that the information will assist in Plaintiff's understanding if defect trends exist, claims were settled, or buy-backs occurred that have the potential to contribute to or indicate a trend of fires or "thermal events" in the dash of 2013 Frontiers like the one in the subject vehicle (DN 34-3, pp. 20-21). Nissan's response addresses the issue briefly, stating that the copies of corporate tax deductions related to any losses related to the subject year and model vehicle are irrelevant to the facts at issue in the case and does not tend to prove that the vehicle was defectively designed or manufactured (DN 37, p. 21).

At this point, the undersigned has no information was to what the corporate tax deductions do or do not show and therefore cannot make a determination as to relevance. Given the broad

7

ambit of discovery as that which may be relevant to a party's claims, information is discoverable unless the opposing party demonstrates that it is not relevant. Nissan has simply said that it is not. This is insufficient to support the objection. Further, to the extent Nissan claims the request is unduly burdensome, it has made no quantification of the burden. For this reason, the objection is **OVERRULED**.

**WHEREFORE,** based upon the aforementioned analysis, Plaintiff's motion to compel production of documentation (DN 34) is **GRANTED IN PART** and **DENIED IN PART** to the extent detailed above. The parties are **DIRECTED** to produce the information and/or documentation described above, consistent with the Court's findings.

July 25, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Counsel of Record